# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 25-166 |
| ASHLEY DIANE GRAY | |

## PLEA AGREEMENT

The United States of America, by and through Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, and Jay Hileman, Assistant United States Attorney, and the Defendant, Ashley Diane Gray ("Defendant"), and Defendant's counsel, Anuj A. Shah, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the Indictment. Count One charges Defendant with conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349. Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1349, is imprisonment of not more than thirty years and a fine of not more than $1,000,000. Additionally, Defendant may receive a term of supervised release after imprisonment of five years. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which

may be imposed as part of her sentence, then Defendant may be imprisoned for the up to three years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that she is not eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### The United States' Agreements

5. The United States agrees to each of the following:

> (a) If Defendant pleads guilty to Count One of the Indictment listed in this agreement and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Indictment at the time of sentencing;

2

(b) If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding her role in the offense (if Defendant's offense level is 16 or greater).

### Agreement Binding - Southern District of Texas Only

6. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

7. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

> (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;
>
> (b) to set forth or dispute sentencing factors or facts material to sentencing;
>
> (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;
>
> (d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and
>
> (e) to appeal the sentence imposed or the manner in which it was determined.

3

## Sentence Determination

8. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

9. Defendant represents to the Court that she is satisfied that her attorney has rendered effective assistance. Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

## Factual Basis for Guilty Plea

10. Defendant is pleading guilty because she is in fact guilty of the charges contained in Count One of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

Kali Nicole Hubbard was stopped by DPS for operating a vehicle with an expired license plate on May 9, 2024, on I-10 near Town and Country Mall. Hubbard was the only occupant and registered owner of the car. The trooper immediately saw stolen mail in plain view and arrested her. A large quantity of stolen mail was recovered, as well as two postal arrow keys. She had checks and credit cards that investigation showed had been stolen from the mail. The parties on 4 of the checks were contacted and they confirmed the checks were mailed but never received. The stolen mail was from a variety of different victims.

Quinton Wayne Hogan was identified by postal inspectors as a person seen on video stealing mail on several occasions. Inspectors obtained a warrant for Hogan's arrest and they located him at a motel on Tidwell in Houston on November 18, 2024. He was found in a car in

5

the parking lot smoking marijuana with Kali Hubbard. Hogan had 6 US Postal Service arrow keys in his pocket. He gave written consent to search his car. Investigators found 2 more arrow keys, a letter carrier hat, and a ledger filled with the personal identification information (PII) of others used to commit bank fraud. He also had a large quantity of stolen mail, including checks and credit cards. Four of the credit card victims were contacted and they confirmed that they never received the cards.

On November 19, 2024, Kyle Thane Ulbig and Ashley Diane Gray were stopped by DPS in Chambers County, Texas. The trooper spotted fake dealer tags on their car and ran the license plate. It came back to a completely different car, so he initiated a traffic stop. Ulbig and Gray had warrants for their arrest, so they were taken into custody. The car had more than 50 checks stolen from the mail, along with credit cards, debit cards and gift cards. The Defendants also had several paper temporary Texas ID cards with PII that correlated to the names of the payees on the checks. They had one company ID card with Ulbig's photo that correlated to a stolen check. Five rough counterfeit postal keys were found in the driver's door compartment. Both defendants confirmed that the keys were used to steal mail. Ulbig confessed on video to cashing a stolen check in Pasadena for $1,499. Gray cooperated extensively. She told investigators that she and Ulbig were involved in a mail theft and check cashing group along with Hubbard and Hogan. She consented to a search of her phone and messages showed extensive contact with Hubbard discussing PII, mail theft and stolen checks. Gray said Hogan made counterfeit arrow keys. Gray and Hubbard shared victim and card info by text.

The checks and credit cards recovered from the Defendants that had been stolen from the mail were issued by federally insured financial institutions such as Bank of America, Capital One

6

Bank and Comerica Bank. On July 11, 2024, Kyle Thane Ulbig cashed a stolen check in the amount of $1,499 in Pasadena, Texas. The check represented the proceeds of a loan from 1st Franklin Financial that was obtained by unlawfully using the PII of Victim MC.

**Breach of Plea Agreement**

11. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

**Restitution, Forfeiture, and Fines – Generally**

12. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would affect a transfer of property in which she has an interest, unless Defendant obtains the prior written permission of the United States.

13. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by

7

the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

14. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of her assets to deliver all funds and records of such assets to the United States.

15. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Restitution

16. Defendant agrees to pay full restitution to the victims for all relevant conduct regardless of the count of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Fines

17. Defendant understands that under the Sentencing Guidelines, the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any

imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

18. This written plea agreement, consisting of 11 pages, including the attached Addendum of Defendant and her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

19. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on ___February 6___, 2025.

_____
ASHLEY DIANE GRAY

Subscribed and sworn to before me on ___February 6___, 2025.

NATHAN OSCHNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

9

APPROVED:

    NICHOLAS J. GANJEI
    United States Attorney

By:    _____       _____
        Assistant United States Attorney     Attorney for Defendant
        Southern District of Texas

# PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____  _____12/17/2025_____
Defendant's Attorney                              Date

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____  _____12/17/25_____
Defendant                                        Date

11